UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC and TYRONE STEPHENS, Plaintiff, <br><br> v. <br><br> JUDGE WILLIAM J MARTINI of the District Court in Newark, Judge ANTHONY JOSEPH SCIRICA, LUIS FELIPE RESTREPO, and DENNIS MICHAEL FISHER of the United States Court of Appeals for the Third Circuit, GURBIR S. GREWAL, Attorney General, State of New Jersey, Individually and in official capacity, JOHN DOES at the District Court and 3rd Circuit <br> Defendants | CASE NO. <br><br> CIVIL RIGHTS COMPLAINT, AND TRIAL BY JURY DEMAND |

## INTRODUCTION

1. This is an action arising under (1) 42 U.S.C. § 1983, (2) the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq., (3) Article I, Paragraphs 1, 6, and 7 of the New Jersey Constitution, and (4) the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution for an injunction, damages and equitable relief due to violation of Right to Due Process, and Right to Trial against Plaintiffs Marc Stephens and Tyrone Stephens.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.CA. § 1391 and § 1343, this Court has subject matter jurisdiction over this action because it involves federal questions arising under the the United States Constitution and 42 U.S.C. § 1983 and § 1985.

3. Venue is proper in this District pursuant to 28 USC § 1391 because Defendants resides, work, and are located in New Jersey, and all acts giving rise to the violation of law complained of occurred in this District.

4. The amount in controversy exclusive of interest and costs exceeds the sum of $75,000.00.

## THE PARTIES

5. Plaintiff, Marc A. Stephens, a natural person and citizen of the United States of America residing in the city of Englewood, New Jersey.

6. Plaintiff, Tyrone Stephens, a natural person and citizen of the United States of America residing in the city of Englewood, New Jersey.

7. Defendant, Federal Judge William J Martini of the District Court in Newark.

8. Defendant, Anthony Joseph Scirica, of the United States Court of Appeals for the Third Circuit.

9. Defendant, Luis Felipe Restrepo, of the United States Court of Appeals for the Third Circuit.

10. Defendant, Dennis Michael Fisher, of the United States Court of Appeals for the Third Circuit.

11. Defendant, Gurbir S. Grewal, Attorney General, State of New Jersey.

12. Defendant, John Does court staff, will obtain during discovery.

## STATEMENT OF FACTS

### A. United States District Court of New Jersey

13. On August 26, 2014, Plaintiff Filed a Civil Complaint, CASE NO. 2:14-cv-05362-WJM-MF

14. On November 3, 2015, Plaintiff's Civil Complaint Dismiss

15. On November 3, 2015, Plaintiff filed First Motion for reconsideration

16. On January 13, 2016, Plaintiff First Motion for reconsideration was Denied

17. On January 14, 2016, Plaintiff filed a Second Motion for reconsideration

18. On March 31, 2016, Plaintiff's Second Motion for reconsideration was Denied and threatened with sanctions.

### B. 3rd Circuit Court of Appeals

19. On April 6, 2016, Plaintiffs Filed a Notice of Appeal with the 3rd Circuit Court of Appeals, No. 16-1868.

20. On September 8, 2016, Plaintiffs Filed their opening brief on appeal

21. On May 3, 2017, the 3rd Circuit Court of Appeals AFFIRMED the Judgment from Judge Martini of the United States District Court of New Jersey

22. On August 21, 2017, Plaintiffs Filed a Petition for Rehearing en banc with the 3rd Circuit Court of Appeals

23. On October 24, 2017, Plaintiffs Petition for Rehearingen banc with the 3rd Circuit Court of Appeals was DENIED

24. On November 7, 2017, Plaintiffs Filed Notice of Tort against United States District and Circuit Judges. Federal Judge William J Martini, Anthony Joseph Scirica, Luis Felipe Restrepo, and Dennis Michael Fisher

25. On January 17, 2018, Plaintiffs Filed Complaint of Judicial Misconduct or Disability pursuant to 28 U.S.C. § 351, et seq., against United States District and Circuit Judges. Federal Judge William J Martini, Anthony Joseph Scirica, Luis Felipe Restrepo, and Dennis Michael Fisher with the Office Of The Circuit Executive United States Third Circuit, J.C. Nos. 03-18-90004, 03-18-90005, 03-18-90006, 03-18-90007

26. On April 10, 2018, the Plaintiffs Complaint of Judicial Misconduct was DENIED.

27. On May 24, 2018, Plaintiffs filed a "Petition for Review" of the judges opinion regarding the Filed Complaint of Judicial Misconduct or Disability pursuant to 28 U.S.C. § 351, et seq., against United States District and Circuit Judges.

### C.  Supreme Court of the United States

28. On March 22, 2018, and placed on the docket June 19, 2018 as **No. 17·9444**, Plaintiff Filed a Petition for Writ of Certiorari with the Supreme Court of the United States

29. On October 01, 2018, Plaintiffs Petition for Writ of Certiorari with the Supreme Court of the United States was DENIED

30. On October 17, 2018, Plaintiffs Filed a Petition for Rehearing with the Supreme Court of the United States

31. On November 19, 2018, Plaintiffs Petition for Rehearing with the Supreme Court of the United States was DENIED

### D.  Judges Violation of Plaintiffs Constitutional Rights to Due Process and Right to Trial

32. The entire judges opinion in the District court and 3rd Circuit are fraudulent and violates Plaintiffs Constitutional Rights to Due Process and Right to Trial.

33. The 3rd Circuit Panel Opinion states, Page 5, **"The facts here, viewed most favorably to the Stephenses, do not create a genuine dispute as to whether probable cause existed when Tyrone was arrested. The defendants had three compelling pieces of evidence implicating Tyrone in the attack: (1) the identification by Natalia Cortes; (2) the statement made by Justin Evans that Tyrone had participated in the attack; and (3) inconsistencies in testimony regarding Tyrone's alibi. This evidence was more than sufficient to establish probable cause.**

## MANIFEST INJUSTICE AND COURT ERROR OF FACT #1

### No identification by Natalia Cortes

34. Photo array eyewitness identification worksheet for Natalia states the following: "Did the witness identify any photo as depicting the perpetrator?" The answer checked is "No", SA186, #20 also same **ECF Doc. 42, page 9. #20.**

35. Prosecutor (Q):   So, looking through the photo array, at headquarters, on November 13th, the bottom line is **Natalia could not identify anyone in the photo book as being there that night**, right?   McDonald: Right. **Doc. 003112688918, #4-21**

36. Jordan Comet (Q).   Did you witness Mr. Stephens fighting that night? Natalia Cortes (A).   **I didn't quite see anybody's faces who were actually fighting**. SA234, **Doc 003112432109, Page: 80, para #9, #7-10.**

37. Jordan Comet (Q).   And, at that point, was there ever a point where you said, I identify a specific person?   Natalia Cortes (A).   Well, I identified, like, one or two that kind of stood out, **but not him**. **Doc: 003112688921 - para #10, #3-6.**

38. Jordan Comet: And the crucial question is, do you know whether one of those faces that you said might have been there was my client?   Natalia Cortez: **No....I'm saying, no, it wasn't him**, ECF Doc. 72-3, page 94, para #17, #1-3.

39. Prosecutor: Did you recognize any of the pictures that you pointed out as being Tyrone Stephens?   Natalia Cortez: No.   **ECF Doc 72-3, pg 95, para 19, #16-18.**

40. According to detective Cubullos, **Tyrone's (a juvenile)** picture was not in the photo array, and this photo array was the same used by McDonald on November 2, "On 11/13/12, I met with Natalia Cortes at the Englewood Police Department to show her **the same photo array that Det. McDonald had provided**"...McDonald advised me that the individual that was placed in the photo array was a possible suspect Victory Sarhano.."No photo of any other juvenile suspect was used in this photo array", **Doc: 003112688916, defendants SA177.**

41. McDonald testified after speaking with the victims and **witness Natalia Cortes** on November 2, 2012, the Englewood Investigators "**only had Derric Gatti**".

42. **The Supplementary Investigative Report** prepared by defendant McDonald and reviewed by defendant Cubullos states, "**On 11/02/12**, (see paragraph 1), ECF Doc 72-3, page 19, para #1. "**After taking all of the statements from the victims and witnesses**. Detective Singh and I drove to the Winton White football stadium to pick up **Derric Gaddy** for questioning", (see paragraph 3, last sentence), ECF Doc 72-3, page 19, paragraph #3.

Q: After you attempted to interview Derric Gatti, what happened next?

**McDonald**: I mean well, that was pretty much it. All we really knew at that particular point **was Derric Gatti**.   ECF Doc 72-3, page 113, #14-25.

43. McDonald testified in the probable cause hearing that Natalia identified Tyrone, **ECF Doc 72-3, page 113, pg 1-5**.

**Q**: Do you recall who Natalia was able to pick out out of that -- photo book that you showed her?

**McDonald**: Yes. She picked out Tyrone Stevens, Justin Evans, and Derric Gatti.

44. McDonald told the Grand Jury that Natalia identified Tyrone because the Ski-mask fell off his face. ECF Doc 72-4, page 3, #5-25.

**Juror #4**: It sounds like Santiago's cousin identified Mr. Stephens?

**McDonald**: Yes. Natalia.

**Juror #4**: So is there any thought that the mask came off at any point, if Natalia Cortez saw Stephens there or did the person who was wearing the mask take it off or anything like that….?

**McDonald**: It could have come off.

45. On November 2, 2012, Natalia stated to McDonald and Singh that she **could not** identify anyone.

**Q**: "If you saw the actors again, would you be able to identify them?

**Natalia Cortez**: "I'm not really sure because it was really dark and most of them had hoods on and like that one in the bike had the ski-mask on", ECF Doc 72-2, pg 22, #23 & pg 23, #2-3.

## MANIFEST INJUSTICE AND COURT ERROR OF FACT #2

**The statement made by Justin Evans that Tyrone had participated in the attack was produced by coercion.**

46. Defendant McDonalds testified that none of the victims or codefendants identified Tyrone as the suspect.   Comet: Did any of the victims identify my client? McDonald: No.   Comet: Did any of the codefendants, other than Justin Evans who was accused himself of wearing a mask, did any of them identify my client? McDonald: No. **ECF Doc 72-3, page 53, para 67, #7-12**.

47. Defendant Desmond Singh admits that he suggested Tyrone's name when he states to Justin, Singh: "**You're doing good but the more names we give you**". **ECF Doc 72-2, page 70**.

48. Justin Evans: "**How they gonna put my name in this**?".."**Tyrone** was in High School". McDonald: **I gave you all of them**. **ECF Doc 72-2, page 59**.

49. Justin Evans testified that he implicated Tyrone Stephens because the officer lied to him, Justin Evans: **I thought he was one of the people that said I was involved or told them**"…and it was "out of revenge". **ECF Doc 72-4, page 8-9**.

50. Comet: Did he say, "It's me because the officers are pushing me…" McDonald: correct. **ECF Doc. 72-3, page 32, #24-25**

### MANIFEST INJUSTICE AND COURT ERROR OF FACT #3

**No inconsistencies in testimony regarding Tyrone's alibi.**

51. Judge Gary Wilcox: "I heard the brief testimony of Tyrone Roy. I found Tyrone to be **credible** as a witness. And clearly the reason Tyrone Roy was called is to establish time line, indicating that, again, he and another friend, Anthony Mancini, picked up Tyrone at his house at approximately 9:40, 9:45. At approximately **10pm they went to McDonalds**. They ate food there for about **ten or 15 minutes**. And then Anthony drove Tyrone Stephens home. So, I think the Juveniles argument here is that, again, the time line, and again, the act was alleged to have occurred at 10:13pm-- that Tyrone at that time, would have been **at McDonald's**". **Doc: 003112688950**

Tyrone Stephens: Kinlaw said he seen me! Kinlaw just said he seen me!

Det. McDonald: "**Kinlaw said he saw you and other people**…when Kinlaw saw you on the Ave at this particular time you weren't at home.."

Marc Stephens: Were you there?

Tyrone Stephens: No I was not there at all! I was not there! I didn't see any fight, anything! **Kinlaw seen me at McDonald's**. I pulled up at McDonalds.

Marc Stephens: **Kinlaw said he saw him on the Ave, at, look like 10 o'clock**. Where was this altercation at? The 7-Eleven on the ave.?

Det. McDonald: up the street.

Tyrone Stephens: That's it right there! **I was in front of McDonalds**. I just hopped out of a car. I walked in McDonalds and said what's up Kinlaw.

Tyrone Stephens: **If Kinlaw just said that he seen me, you just said it on here, you heard Kinlaw say that he seen me**. He seen me **at McDonalds**, and he was talking to a little kid Willie. I think he was with Ron, right there **at McDonalds**.

If you say that's the time, than how could I be at two places at once?

Det. McDonald: That was **at 10:00** he said, **ECF Doc 72-2, page 91. para 9-14.**

Prosecutor: First of all what was the time that the victims said the attack occurred?

McDonald: **On** or about **10pm**.

Prosecutor: And what day did they say the attack occurred?

McDonald: October 31, Halloween.

Prosecutor: Where did Tyrone say that he was at that time?

McDonald: He stated he was initially **at McDonald's**.   **Doc: 003112688943**

### E. Plaintiff has a constitutional right to trial and has exhausted all options before filing a Writ of Mandamus and there is no federal statute of limitations for § 1983 claims.

52. Plaintiff has a constitutional right to trial. There is no federal statute of limitations for § 1983 claims. The reason why there is no federal statute of limitations, "Where rights secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." Miranda v. Arizona, 384 US 436 at 491. "No right granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.   The Constitution protects the right of citizens to redress of grievances in the First Amendment. To bar any citizen to redress is clearly and unequivocally unconstitutional.

53. Judge Martini has a long history of improper motives. The record shows in 2004, and 2012, the U.S. Court of Appeals REMOVED Judge Martini from **THREE CASES** for "USURPING THE JURY'S ROLE", "unwillingness to conduct a fair trial", and for "Bias toward the Defendant". See United States v. Douglas Kennedy, 11-1145 (3rd Cir. 2012), and United States v. Bergrin, 682 F.3d 261 (3d Cir.

2012). "[I]t is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter", Anderson v. Liberty Lobby, Inc., 477 US 242 - Supreme Court 1986 at 249. Celotex Corp. v. Catrett, 477 US 317 - Supreme Court 1986.

## CAUSES OF ACTION

54. Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Counts.

### FIRST CAUSES OF ACTION
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
Violation of Due Process

55. The Fifth Amendment of the Constitution of the United States reads, "No person shall be deprived of life, liberty, or property, without due process of law". "At its core, the right to due process reflects a fundamental value in our American constitutional system", **Boddie v. Connecticut, 401 US 371 - Supreme Court 1971 at 374**.

56. Federal Judge William J Martini of the District Court in Newark, Anthony Joseph Scirica, Luis Felipe Restrepo, and Dennis Michael Fisher of the United States Court of Appeals for the Third Circuit, and Law clerks, case managers, administrators, and court staff intentionally sabotage the plaintiffs case by intentionally ignoring evidence. The Judges **did not** review the case, briefs, motions, or evidence. The law clerks made the final decision in this matter, ignored evidence, facts, law, and testimony, improperly filed and/or removed evidence from the record.

57. The Judges took on the role of the Jury, and denied Appellants right to due process and right to trial by jury. **Pursuant to Fed. R. Civ. P. 56(a)**, "If the evidence "presents a sufficient disagreement" over a factual issue, summary judgment

must be denied". See Chiari v. City of League City, 920 F.2d 311, 314–15 (5th Cir. 1991).   "[i]f ... there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment...." Aman v. Cort Furniture Rental Corp., 85 F. 3d 1074 - Court of Appeals, 3rd Circuit 1996 at 1081.

58.   As a direct and proximate result of these malicious and conscious wrongful actions, Plaintiffs were deprive of due process, and a right to trial.   Defendants' actions were fraudulent, malicious and oppressive.   Plaintiff is thus entitled to a trial, and herein seeks injunctive relief, punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Marc Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) injunctive relief; and (c) any further relief which the Court may deem equitable and just.

### SECOND CAUSE OF ACTION
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
Violation of Right to Trial

59.   The seventh Amendment to the Constitution of the United States reads, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved".   "[Error] involving the denial of basic fundamental rights may constitute judicial misconduct". **In re Dileo, 83 A. 3d 11 - NJ: Supreme Court 2014 at 15-26.   In re Quirk, 705 So.2d 172, 178 (La.1997).** ("A single instance of serious, egregious legal error, particularly one involving the denial to individuals of their basic or fundamental rights, may amount to judicial misconduct." (citing Jeffrey M. Shaman, Judicial Ethics, 2 Geo. J. Legal Ethics 1, 9

(1988))). **See Alvino, supra, 100 N.J. at 97 n. 2, 494 A.2d 1014.** By its terms, § 1983 "creates a species of tort liability that on its face admits of no immunities." Imbler v. Pachtman, 424 U. S. 409, 417 (1976). Its language is absolute and unqualified; no mention is made of any privileges, immunities, or defenses that may be asserted. Rather, the Act imposes liability upon "**every person**" who, under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." **Owen v. Independence, 445 US 622 - Supreme Court 1980 at 635**.

60. Federal Judge **William J Martini** of the District Court in Newark, **Anthony Joseph Scirica**, **Luis Felipe Restrepo**, and **Dennis Michael Fisher** of the United States Court of Appeals for the Third Circuit, and Law clerks, case managers, administrators, and court staff intentionally sabotage the plaintiffs case by intentionally ignoring evidence. The Judges **did not** review the case, briefs, motions, or evidence. The law clerks made the final decision in this matter, ignored evidence, facts, law, and testimony, improperly filed and/or removed evidence from the record.

61. The Judges took on the role of the Jury, and denied Appellants right to due process and right to trial by jury.

62. As a direct and proximate result of these malicious and conscious wrongful actions, Plaintiffs were deprive of due process, and a right to trial. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to a trial, and herein seeks injunctive relief, punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) injunctive relief; and (c) any further relief which the Court may deem equitable and just.

### THIRD CAUSE OF ACTION
Breach of Contract and
Implied Covenant of Good Faith and Fair Dealing

63. Under the common law of contracts, the obligation of "good faith and fair dealing" is an implied and inescapable term of every agreement. Per the Restatement (Second) of Contracts, § 201, "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." While conducting business with the court, judges are sworn in to be fair and impartial. Federal Judge **William J Martini** of the District Court in Newark, **Anthony Joseph Scirica, Luis Felipe Restrepo,** and **Dennis Michael Fisher** of the United States Court of Appeals for the Third Circuit, and Law clerks, case managers, administrators, and court staff intentionally sabotage the plaintiffs case by intentionally ignoring evidence. The Judges **did not** review the case, briefs, motions, or evidence. The law clerks made the final decision in this matter, ignored evidence, facts, law, and testimony, improperly filed and/or removed evidence from the record.

64. The Judges took on the role of the Jury, and denied Plaintiffs right to due process and right to trial by jury. As a direct and proximate result of these malicious and conscious wrongful actions, Plaintiffs were deprive of due process, and a right to trial. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to a trial, and herein seeks injunctive relief, punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) injunctive relief; and (c) any further relief which the Court may deem equitable and just.

## JURY DEMAND

Plaintiffs hereby demands trial by jury on all issues against All Defendants

## CERTIFICATION PURSUANT TO R 4:5-1

Plaintiffs hereby certify that the matter in controversy is not the subject of any other action, pending in any court or of a pending arbitration proceeding, nor is any such action or arbitration proceeding presently contemplated.

Ss// Marc Stephens
Marc Stephens
Plaintiff, pro se

Ss// Tyrone Stephens
Tyrone Stephens
Plaintiff, pro se