<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARC STEPHENS AND TYRONE STEPHENS,<br><br>            Plaintiffs,<br><br>      v.<br><br>JUDGE WILLIAM J. MARTINI, JUDGE ANTHONY JOSEPH SCIRICA, JUDGE LUIS FELIPE RESTREPO, JUDGE DENNIS MICHAEL FISHER, GURBIR S. GREWAL, AND JOHN DOES,<br><br>            Defendants. | Civil No. 22-1971 (KMW/AMD) |

Appearances:

Marc Stephens and Tyrone Stephens
        *Pro Se* Plaintiffs

**WILLIAMS**, District Judge

## OPINION

### I. INTRODUCTION

This matter comes before this Court upon receipt of *pro se* Plaintiffs' Complaint [ECF No. 1] against Judge William J. Martini, Judge Anthony Joseph Scirica, Judge Luis Felipe Restrepo, Judge Dennis Michael Fisher, Gurbir S. Grewal, And John Does. The Court has reviewed the claims against Judges Martini, Scirica, Restrepo, and Fisher ("Federal Judges") pursuant to Local Civil Rule 40.1 and because all claims against the Federal Judges are subject to judicial immunity, Plaintiffs' claims against the Federal Judges are **DISMISSED**.

## II. BACKGROUND

Plaintiffs filed the instant Complaint on April 4, 2022, asserting claims arising under 42 U.S.C. § 1983[1], the New Jersey Civil Rights Act, the New Jersey Constitution, and various Amendments of the U.S. Constitution against the Federal Judges, Gurbir S. Grewal, now former New Jersey Attorney General, and John Does at the District Court and Third Circuit. Compl. ¶ 1. Plaintiffs assert violations of their rights to due process and trial in connection with various closed judicial proceedings before both district and circuit courts. *Id.* at ¶¶ 1, 13-53.

The following is a recitation of the allegations against the Federal Judges only. The Complaint alleges that Plaintiffs filed a civil complaint on August 26, 2012, civil action number 2:14-cv-5362-WJM-MF. *Id.* at ¶ 13. According to the Complaint, Judge Martini dismissed the complaint in November 2015 and denied two motions for reconsideration in early 2016, the second denial cautioned Plaintiffs about the availability of sanctions. *Id.* at ¶¶ 14-18. In April 2016, Plaintiffs filed a notice of appeal with the Third Circuit. *Id.* ¶ 19. The Third Circuit affirmed Judge Martini's judgment in May 2017 and denied a petition for rehearing en banc. *Id.* ¶¶ 20-23. Plaintiffs filed judicial misconduct complaints against all the Federal Judges in January 2018 which were denied in April 2018. *Id.* at ¶¶ 25-26. Plaintiffs also allege that they filed a petition for writ of certiorari with the Supreme Court that was ultimately denied. *Id.* at ¶¶ 28-31.

The substance of Plaintiffs' allegations relating to the alleged wrongdoing of the Federal Judges essentially involve alleged errors made at the trial and appellate levels in deciding

---

[1] Plaintiffs assert that there is no federal statute of limitations for § 1983 claims; they are mistaken. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010)("a section 1983 claim arising in New Jersey has a two-year statute of limitations."). Here, Plaintiffs seek to assert claims against the Federal Judges for actions that occurred from 2014 through 2018, thus, the § 1983 claims would be barred by the applicable statute of limitations.

Plaintiffs' claims. *Id.* at ¶¶ 32-53. First, it seems the Complaint alleges that Judge Martini erred in relation to certain evidence concerning the testimony of Natalia Cortes and the identification of Plaintiff Tyrone Stephens. *Id.* at ¶¶ 34-45. Plaintiffs also appear to set forth issues with evidence in the case, alleging that a statement made by Justin Evans about Plaintiff Tyrone Stephens was produced by coercion, *Id.* at ¶¶ 46-50, and there was an error relating to the consistency of testimony regarding Tyrone Stephens's alibi, *Id.* at ¶ 51. The Third Circuit upheld Judge Martini's determinations. *Id.* at ¶ 33.

Additionally, Plaintiffs allege that Judge Martini has a long history of improper motives, alleging that the Third Circuit removed Judge Martini from three different cases. *Id.* at ¶ 53. Plaintiffs aver that the Federal Judges as well as law clerks, case managers, administrators and court staff, sabotaged Plaintiffs' case by intentionally ignoring evidence. *Id.* at ¶ 56. The Federal Judges also failed to review the case, briefs, and motions and allowed law clerks to make final decisions. *Id.* Thus, Plaintiffs argue that the law clerks allegedly ignored facts, law, and testimony, and improperly filed and/or removed evidence from the record. *Id.* Plaintiffs further allege that the Federal Judges took on the role as the jury, thereby denying Plaintiffs their right to a jury trial. *Id.* at ¶¶ 57.

### III. LEGAL STANDARD

Local Civil Rule 40.1 governs the Court's review of Plaintiffs' Complaint as it relates only to the Federal Judges. The pertinent parts of the Rule, 40.1(g) and (h), follow:

> (g) A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse,

3

but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.

(h) If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

**IV. DISCUSSION**

A plain reading of the Complaint demonstrates that Plaintiffs challenge the decisions made by the Federal Judges in prior cases, claiming that they violated Plaintiffs' rights to due process and trial, and breached a contract and the implied covenant of good faith and fair dealing. Because the Federal Judges are entitled to absolute judicial immunity, Plaintiffs' claims against all named Federal Judges must be dismissed.

Since 1872, the Supreme Court has determined that it is "'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)(quoting *Bradley v. Fisher,* 13 Wall. 335, 351 (1872)). Thus, unless a judge's actions giving rise to the lawsuit were nonjudicial in nature or taken in the complete absence of all jurisdiction, the judge will be entitled to absolute judicial immunity. *See Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). "A judge will not be deprived of

immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . ." *Id*.

Here, the alleged acts of the Federal Judges were plainly judicial in nature. In the Complaint, Plaintiffs raise issues with Judge Martini's handling of their case and his decision leading to the dismissal of their claims as well as the Third Circuit's affirmance of same. The disposition of cases – favorable or unfavorable – on the court's docket, at the trial or appellate level, is the paramount function of judge. The acts alleged in the Complaint are entirely judicial in nature occurring within the confines of a judicial proceeding.[2]

Second, while Plaintiffs focus on Judge Martini's motives, the alleged ignoring of evidence, and errors concerning evidence or findings in the case, the law is clear – judges maintain immunity for actions taken in error, done maliciously, or in excess of his or her authority. *See Capogrosso*, 588 F.3d at 184. The Federal Judges are clearly entitled to judicial immunity.[3]

## V. CONCLUSION

For these reasons set forth above, Plaintiffs' claims against Judge William J. Martini, Judge Anthony Joseph Scirica, Judge Luis Felipe Restrepo, Judge Dennis Michael Fisher are

---

[2] The Federal Judges also were not acting "in the clear absence of all jurisdiction." In the case before Judge Martini, Plaintiffs raised claims, in part, pursuant to 42 U.S.C. § 1983, thus, Judge Martini had jurisdiction pursuant to 28 U.S.C. § 1331. The Third Circuit had jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Similarly, to the extent Plaintiffs intend to assert claims against court employees in connection with their role in support of the Federal Judges, said employees would likely be entitled to absolute quasi-judicial immunity because the protections of judicial immunity extend to those functioning as an arm of the court or who are acting at the direction of the judge. *See Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 772 (3d Cir. 2000). Thus, the John Doe Defendants described as various court personnel – law clerks, case managers, administrators, or other court staff – engaged in motion review and handling evidence, function as an arm of the court and undertake those actions pursuant to a judge's instruction.

**DISMISSED**. In accordance with Local Civil Rule 40.1(h), this Court will also notify the Chief Judge of this decision to allow for a determination about reassignment of this case.

Dated: April 26, 2022                           s/ Karen M. Williams
                                                                     KAREN M. WILLIAMS
                                                                     United States District Judge